**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEPHEN AGUIAR,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:13-2616** |
| v. | : | **(MANNION, D.J.)** |
| | | **(MEHALCHICK, M.J.)** |
| **WARDEN M. RECKTENWALD,** *et al.*, | : | |
| | : | |
| **Defendants** | | |

## MEMORANDUM

Pending before the court is a report and recommendation filed by Judge Mehalchick on March 17, 2014, to which no objections have been filed. (Doc. 23). The report recommends that the plaintiff's motion for default judgment, (Doc. 16), be denied. As the court agrees with Judge Mehalchick's determination that the plaintiff has failed to show any prejudice and has not demonstrated how the defendants' conduct is culpable, the report and recommendation will be **ADOPTED IN ITS ENTIRETY**.

## I.   STANDARD OF REVIEW

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review

to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II. DISCUSSION

This case is essentially a *Bivens*[1] action where the plaintiff alleges prison officials at the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania, interfered with his use of Facebook. Those prison officials were served on August 16, 2013 and the United States Attorney's Office for the District of Columbia was also served one week later. (Doc. 9; Doc. 10). The defendants answers were due by October 22, 2013.

This case was transferred to this court on October 1, 2013 from the Federal District Court for the District of Columbia. (Doc. 12). Three months after being transferred, this court issued a show cause order requiring the defendants to show cause as to why they had not answered the plaintiff's complaint. (Doc. 15). The plaintiff filed a motion for default judgment without a brief in support three weeks later on January 24, 2014. (Doc. 16). The defendants have since filed a response to that show cause order where they oppose the motion for default judgment. (Doc. 21).

---

[1]*Bivens v. Six Unknown Named Agents of the FBI*, 403 U.S. 388 (1971)

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). As Judge Mehalchick discusses thoroughly in her report, the plaintiff has neither alleged, nor shown any prejudice caused by the defendants' delay. Moreover, he has not demonstrated how the defendants' failure to respond stems from any culpable conduct. Finally, the defendants have responded to the court's order to show cause, so the case can now proceed on the merits.

### III. CONCLUSION

For the reasons discussed above, Judge Mehalchick's report and recommendation is **ADOPTED IN FULL** and the plaintiff's motion for default judgment is **DENIED**. The case is **REFERRED** to Judge Mehalchick for further pre-trial proceedings. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 24, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2616-01.wpd