**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHEN AGUIAR, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:13-2616 |
| v. | : | (MANNION, D.J.) |
| | | (MEHALCHICK, M.J.) |
| WARDEN M. RECKTENWALD, *et al.*, | : | |
| | : | |
| Defendants | | |

## **MEMORANDUM**

Pending before the court is an Appeal of Magistrate Judge Mehalchick's November 12, 2014 Order, (Doc. 62), denying the plaintiff's Motion for Leave to File a Second Amended Complaint, (Doc. 37), as well as the January 22, 2015 Order denying the plaintiff's Motion for Reconsideration. (Doc. 66). As discussed below, this appeal is **DENIED**.

## **I.     BACKGROUND**

On June 13, 2013, the plaintiff, Stephen Aguiar, who was previously incarcerated at the Federal Correctional Institution in Allenwood, filed the instant Bivens[1] action against Warden M. Recktenwald, Associate Warden Jeff Butler, Captain C. Bergen, Special Investigator Supervisor J. Lyons, and Special Investigative Support (SIS) Technician Cook (hereinafter, the "defendants") in the United States District Court for the District of Columbia.

---

[1] Bivens v. Six Unnamed Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

(Doc. 1). On June 18, 2013, the plaintiff filed an amended complaint. (Doc. 5). On October 1, 2013, the case was transferred to the United States District Court for the Middle District of Pennsylvania. (Doc. 12).

The plaintiff claims that the Bureau of Prisons ("BOP") staff violated his constitutional rights because they contacted Facebook to inform them that he was not permitted to have a Facebook account as a result of his improper use of the Trust Fund Limited Inmate Computer System ("TRULINCS"). TRULINCS is a prison-wide computer system used to monitor inmates' messaging. (Doc. 1).

On July 8, 2014, the plaintiff filed a Motion for Leave to File a Second Amended Complaint, in which the plaintiff sought to add new defendants as well as new theories of liability against the defendants. (Doc. 37). On November 12, 2014, Judge Mehalchick denied the plaintiff's motion to amend. (Doc. 54). She found that the proposed amendments to the complaint would be futile.

On December 2, 2014, Judge Mehalchick received and docketed the plaintiff's Motion for Reconsideration regarding the denial of the Motion for Leave to File a Second Amended Complaint. (Doc. 56). On January 22, 2015, Judge Mehalchick denied this motion. (Doc. 62).

## II.    STANDARD OF REVIEW

When a United States Magistrate Judge decides a non-dispositive

motion, the district court sitting on appeal may only reverse the judge's decision if the ruling was "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A) (setting forth standard of review when magistrate judge rules on non-dispositive pre-trial motions); Fed. R. Civ. P. 72(a) (reiterating statutory standard); see also U.S. v. Polishan, 336 F.3d 234, 238-39 (3d Cir. 2003). A ruling is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." PA Prison Soc. v. Cortes, 622 F.3d 215, 231 (3d Cir. 2010) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). A reviewing court may not vacate a magistrate judge's decision merely because it would have decided the issue differently. *Id*. (quoting Anderson v. Bessemer City, 470 U.S. 564 (1985)).

## III.   DISCUSSION

In his Notice of Appeal, the plaintiff requests this Court consider two matters: (1) Judge Mehalchick's November 12, 2014 order denying the plaintiff's motion for leave to file a second amended complaint, in which he sought to add new defendants and assert new theories of liability, and (2) Judge Mehalchick's January 22, 2015 order denying the plaintiff's motion for reconsideration and, alternatively, a request to certify an order for interlocutory appeal. As to the Motion to Amend, the plaintiff offers three (3) main arguments.

3

The plaintiff's first argument is that it is a clear error of law not to permit him to file a Privacy Act claim against the BOP because the particular information obtained from the TRULINCS message system was covered under the Privacy Act. (Doc. 68, p. 3-6). The Privacy Act ("Act") allows an individual to bring a civil action against a government agency regarding "any record which is contained in a system of records by any means of communication to any person, or to another agency." 5 U.S.C. §552a(b). The Act defines "record" as:

> any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph.
> 5 U.S.C. §552a(a)(4).

A "system of records" is defined as a "group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5. U.S.C. §552a(a)(5).

As both Judge Mehalchick and the defendants correctly contend, the plaintiff has failed to allege that there was a disclosure of any record whatsoever to Facebook, let alone a disclosure that would be covered under the Privacy Act. (Doc. 69, p. 4). As they point out, disclosure of the fact that the plaintiff had a Facebook account is not covered under the Privacy Act because essentially anyone with internet access would be able to discover

4

this information themselves. (Doc. 69, p. 4).

The plaintiff's argument essentially centers around the Judge's determination that the disclosure did not meet the definition of "records" under the Act. In particular, the plaintiff argues that the fact that the plaintiff's Facebook page was being administered by a third party could only have been discovered "[d]uring a review of inmate communication," and thus must be covered under the Privacy Act. (Doc. 71, p. 4). This is a misinterpretation of the law. First, there is nothing to indicate that the "third party" information disclosure meets the "records" definition of the Act. Second, the plaintiff fails to acknowledge that "[no] personal information pertaining to [the plaintiff] contained in a BOP record, such as [the plaintiff's] criminal history, medical history, employment history or even his communications through TRULINCS, was disclosed to Facebook. (Doc. 54, p. 6). As such, Judge Mehalchick's determination that the disclosure counted as "information that is not maintained by the BOP in its system of records" and, thus, outside of the purview of the Privacy Act is correct.

The plaintiff's second argument is that he should be allowed to state a Bivens claim against the BOP defendants because he named them in the Second Amended Complaint. In the order dated January 22, 2015, Judge Mehalchick found that "permitting the Plaintiff to add a *Bivens* claim against the Bureau of Prisons ("BOP") and Facebook Incorporated...would be futile under a motion to dismiss standard." (Doc. 55). As Judge Mehalchick noted,

the court "did not address Plaintiff's *Bivens* claims against individual BOP employees in its Order, and as such, those claims against the BOP officials named in his amended complaint remain." (Doc. 62, p. 2). As there appears to be no genuine dispute, Judge Mehalchick's determination is affirmed.

The plaintiff next challenges the Judge's determinations regarding the third and fourth elements of the tortious interference claim against the BOP. "An action for tortious interference with an actual or prospective contractual relationship requires a showing of: (1) an actual or prospective contractual relationship; (2) the purpose or intent to harm the plaintiff by preventing the relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damages resulting from the defendant's conduct." Perma-Liner Indus., Inc. v. U.S. Sewer & Drain, Inc., 630 F. Supp.2d 516, 524 (E.D. Pa. 2008).

Judge Mehalchick found that it would be clearly futile to amend the complaint because "there is nothing Aguiar would allege that would establish both unjustified action taken on the part of the defendant in prompting the removal of his Facebook account, and pecuniary loss occasioned by the alleged interference." (Doc. 54, p. 11). This court agrees.

Regarding the third element, it appears clear that the BOP official was justified in removing the defendants facebook account as "[t]he Federal Bureau of Prisons [was] taking pro-active steps in curbing inmate use of Social Media [because] [t]his activity is a breach of security within our prisons,

and has the potential to be damaging to persons in the community, particularly minors." (Doc. 41, p. 7). As to the fourth element, the court agrees with the defendants that the damages alleged by the plaintiff do not approach what would be considered "actual damages" under the law but rather are "speculative at best." (Doc. 69, p. 8). Accordingly, the plaintiff has not even approached the "clearly erroneous" standard required to reverse Judge Mehalchick's decisions.

Finally, the plaintiff requests that the court overturn Judge Mehalchick's denial of his Motion for Reconsideration and his request for a Stay to Certify the Order for Interlocutory Appeal if leave to amend is denied. Section 28 of the United States Code states:

> When a [ ] judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.
> 28 U.S.C. §1292(b).

Nowhere does the plaintiff attempt to argue (1) that the November 12, 2014 order involved a controlling issue of law, (2) that there is any substantial ground for difference of opinion regarding the applicable legal standard, or (3) that an immediate appeal of this order would ultimately terminate the litigation. In addition to the fact that the plaintiff offers no substantive argument as to why the court should certify this matter for interlocutory appeal, the court finds

7

no justification to issue such an order. Accordingly, the court will deny this motion.

## IV.  CONCLUSION

For the reasons discussed above, plaintiff's appeal is **DENIED** and the Decision of Judge Mehalchick is **AFFIRMED** in all respects. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 2, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2616-02.wpd